## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

_____

**BUILDING TRADES UNITED PENSION TRUST FUND**
**and DOUG EDWARDS (in his capacity as Trustee),**

       **Plaintiffs,**

    **v.**                                            **Case No.  22-cv-1299**

**PETER SCHWABE, INC.,**

       **Defendant.**
_____

## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Alex J. Sterling and Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1.     Jurisdiction of this Court upon Defendant Peter Schwabe, Inc. (hereinafter referred to as "Peter Schwabe") is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §1132) in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA") and the common law of the State of Wisconsin.

2.      Venue lies in this Court under ERISA §502(e)(2) (29 U.S.C. §1132(e)(2)) in that Defendant's primary business is located in Waukesha County, Wisconsin.

## Parties

3.      Plaintiff Building Trades United Pension Fund is an employee benefit plan within the meaning of ERISA §§3 (2), (3), and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002 (2), (3), and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said Plans.  Said Plaintiff maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4.      Plaintiff Doug Edwards is a trustee and beneficiary of the Building Trades United Pension Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action.  Mr. Edwards maintains an office at 3300 South 103rd Street, Milwaukee, Wisconsin 53227.

5.      Defendant Peter Schwabe is a domestic corporation, organized under the laws of the state of Wisconsin, and engaged in business with principal offices located at 13890 Bishops Drive, Brookfield, Wisconsin 53005.  Its registered agent for service of process is Registered Agent Solutions, Inc., 901 South Whitney Way, Madison, Wisconsin 53711.

## Facts

6.      Peter Schwabe is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

- 2 -

7.    For all times relevant, Peter Schwabe was and remains a party to and agreed to abide by the terms of a collective bargaining agreement ("Labor Agreement") between itself and the North Central States Regional Council of Carpenters (hereinafter "Union").

8.    The Labor Agreement described herein contains provisions whereby Peter Schwabe agreed to make contributions and payments to the Plaintiff Fund by the fifteenth day of the month after the one during which the work was performed.

9.    By execution of said Labor Agreement, Peter Schwabe adopted the trust agreements and amendments thereof; which establishes and governs the Fund and are necessary for its administration, and designated as its representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority, such as but not limited to the adoption of policies relevant to this lawsuit, including but not limited to the Policy on Employer Accounts.

10.    Despite demands that Peter Schwabe perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has wholly failed, neglected, omitted, and refused to allow access to the Fund's auditor to determine whether Defendant has made its required payments.  Peter Schwabe may be indebted to the Plaintiffs as follows:

Unaudited Period January 1, 2020, to the present:

Building Trades United Pension Fund                                                    Unknown

- 3 -

11.     Despite demand from the Funds' auditor, Peter Schwabe has denied the Funds' auditor access to books and records needed to compile an audit for the period January 1, 2020, to the present.

**Claim One Against Peter Schwabe, Inc.**
**Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

12.     As and for a first claim for relief against Peter Schwabe, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 11 above and incorporate the same as though fully set forth herein word for word.

13.     Repeated demands have been made upon Peter Schwabe for access to its books and records for a compliance audit, but Defendant has refused to make such arrangements as are necessary for such an audit.

14.     Because Peter Schwabe has failed to make timely and prompt contributions, some of the Plaintiffs' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if Peter Schwabe is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

15.     Therefore, on all contributions that remain unpaid from January 1, 2020, through the date of the filing of this Complaint, Plaintiffs are entitled to recover from Peter Schwabe all owed contributions; as well as their reasonable attorneys' fees of collection, interest at 1.5% per month, and liquidated damages of 20% on all owed contributions pursuant to 29 U.S.C. §1132(g), the Policy on Employer Accounts, and applicable collective bargaining agreements.

- 4 -

**WHEREFORE**, the Plaintiffs demand the following relief:

1.      Judgment on behalf of the Plaintiffs and against Peter Schwabe:

      A.      For unpaid contributions, interest, and liquidated damages owed to Plaintiffs for the period January 1, 2020, to the present;

      B.      For unpaid contributions, interest, and liquidated damages owed to Plaintiffs becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

      C.      Reasonable attorney fees and the costs of this action.

2.      An order directing Peter Schwabe to fully submit to an audit of the company's books and records by Plaintiffs' designated representative for the period January 1, 2020, to the present.

3.      The Court should retain jurisdiction pending compliance with its order.

4.      For such other, further, or different relief as the Court deems just and proper.

Dated this 3rd day of November 2022.

s/Alex J. Sterling
Alex J. Sterling (SBN: 1107931)
Christopher J. Ahrens (SBN: 1043237)
THE PREVIANT LAW FIRM, S.C.
Attorney for Plaintiffs
301 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: ajs@previant.com

- 5 -