# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION TRUST FUND and
DOUG EDWARDS (in his capacity as Trustee),

      Plaintiffs,

      v.                              **Case No.  22-CV-1299**

PETER SCHWABE, INC.,

      Defendant.

## DECISION AND ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION

Building Trades United Pension Trust Fund (hereinafter "the Pension Fund") sues Peter Schwabe, Inc. for unpaid contributions pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, *et seq*. On October 6, 2023, the Pension Fund moved for leave to file a third amended complaint to add a claim under § 301 of ERISA to recover contributions for work that Schwabe allegedly improperly subcontracted to non-union subcontractors. (Docket # 36.) In a decision dated December 21, 2023, I denied the Pension Fund's motion for leave to file a third amended complaint. (Docket # 42.) Presently before me is the Pension Fund's motion for reconsideration pursuant to Fed. R. Civ. P. 54(b). (Docket # 43.) For the reasons I explain below, the Pension Fund's motion is denied.

## LEGAL STANDARD

Fed. R. Civ. P. 54(b) allows a court to exercise its inherent authority to reconsider nonfinal orders. *See Civix-DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("Every order short of a final decree is subject to reopening at the discretions of the . . . judge.")). A motion

for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While "[a] court has the power to revisit prior decisions of its own," courts "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

## ANALYSIS

The Pension Fund argues that this Court made a manifest error of law by applying the heightened good cause standard of Fed. R. Civ. P. 16(b)(4) when addressing its motion for leave to file a third amended complaint instead of the more generous amendment standard found under Fed. R. Civ. P. 15(a)(2). The Pension Fund argues that pursuant to "controlling precedent," Rule 16(b)(4) only governs amendment of pleadings *if* permitting the amendment would require the Court to modify its scheduling order, citing *Financial Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F. 4th 654 (7th Cir. 2022), *Anderson v. Weinert Enterprises, Inc.*, 2019 WL 3986345 (E.D. Wis. 2019), and *Sanchelima Int'l, Inc. v. Walker Stainless Equip. Co., LLC*, No. 16-CV-644-JDP, 2017 WL 11674546 (W.D. Wis. Dec. 1, 2017) in support of this proposition. (Docket # 44 at 5; Docket # 48 at 2.)

Fed. R. Civ. P. 15(a) allows a party to amend its pleading once as a matter of course within twenty-one days after service or if the pleading is one to which a responsive pleading

2

is required, twenty-one days after service of a responsive pleading or Rule 12(b), (e), or (f) motion. Rule 15(a)(2), however, states that in all other cases, a party may amend its pleading only with the opposing party's written consent or with the court's leave. Courts are instructed to give leave freely when justice so requires. Rule 15(a)(2). Fed. R. Civ. P. 16 governs scheduling orders and provides that a judge must issue the scheduling order "as soon as practicable," but no later than the earlier of 90 days after a defendant has been served or 60 days after a defendant has appeared. Rule 16(b)(2). The scheduling order must include a limit for amending the pleadings. Rule 16(b)(3)(A). Rule 16(b)(4) provides that a schedule may be modified only for good cause and with the judge's consent.

The Seventh Circuit has noted that "some tension" exists between Rules 15 and 16. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Specifically, the "tension" is created by Rule 16's requirement that scheduling orders be issued expeditiously and amendments be made only for good cause and Rule 15's requirement that leave to amend pleadings should be freely given. *See id.* To lessen this tension, the Seventh Circuit has found that if a party requests an amendment after the deadline stated in the scheduling order, "the district court [is] entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied." *Id.*

In *Financial Fiduciaries*, the scheduling order provided as follows regarding the amendment of pleadings: "Amendments to the pleadings may be filed and served without leave of court through the date set forth above [April 6, 2020]. After that, Federal Rules of Civil Procedure 15 applies, and the later a party seeks leave of the court to amend, the less likely it is that justice will require the amendment." (*See* Docket # 16 in Case No. 19-CV-874 (W.D. Wis. Jan. 15, 2020).) Plaintiffs moved for leave to file a first amended complaint on

3

July 15, 2020—after the deadline set in the scheduling order. (*See* Docket # 43 in Case No. 19-CV-874.) In denying Plaintiffs' motion to amend, the district court applied the heightened good cause standard under Rule 16(b)(4). (*See* Docket # 49 at 6–7 in Case No. 19-CV-874.) In finding the district court erred in applying Rule 16(b)(4) instead of Rule 15(a)(2), the Seventh Circuit stated that Plaintiffs were "requesting that the court apply the standard it said it would apply for late amendment requests: Rule 15's 'interest of justice' standard. We agree that the court should have applied Rule 15, not Rule 16." 46 F.4th at 667.

In *Sanchelima*, the district court entered a scheduling order that addressed amendment of pleadings as follows: "Amendments to the pleadings may be filed and served without leave of court not later than the date set forth above," which was January 20, 2017. (*See* Docket # 28 in Case No. 16-cv-644 (W.D. Wis. Dec. 2, 2016).) Plaintiffs moved for leave to amend their complaint on February 6, 2017—after the January 20, 2017 deadline set by the court to amend pleadings. (*See* Docket # 31 in Case No. 16-cv-644.) In determining whether Rule 15(a)(2) or Rule 16(b)(4) governed Plaintiffs' motion, the court held as follows:

> The Federal Rule of Civil Procedure 15(a)(2) governs plaintiffs' motion. A district court may set a deadline for amending pleadings without showing good cause, and once that deadline passes, require litigants to satisfy Rule 16(b)(4). *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (quoting *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014)). But here, the court did not set such a deadline: the court set January 20, 2017, as the deadline for amending pleadings without leave, Dkt. 28, at 1, but it did not impose Rule 16(b)(4)'s good cause standard for amendments after that date or do away with Rule 15(a)(2)'s generous standard. Accordingly, Rule 15(a)(2), not Rule 16(b)(4), governs plaintiffs' motion.

*Sanchelima*, 2017 WL 3499350, at *1.

In *Anderson*, the scheduling order stated as follows regarding amendment of pleadings: "Amendments to the pleadings may be filed without leave of court on or before October 15, 2018. Fed. R. Civ. P. 15 will apply to any amendment filed after that date." (*See* Docket # 11

4

in Case No. 18-CV-901 (E.D. Wis. Aug. 10, 2018).) Plaintiff moved for leave to file a second amended complaint on May 21, 2019. (*See* Docket # 33 in Case No. 18-CV-901.) Defendant argued that the court should apply the heightened good cause standard of Rule 16 to Plaintiff's motion to amend because the motion was filed after the deadline set in the scheduling order. 2019 WL 3986345, at *4. The court disagreed, finding that "the court's scheduling order in this case clearly states that Rule 15 applies to any amendment to the pleadings filed after October 15, 2018." *Id.* Citing *Sanchelima* as support, the court went on to state that "[m]oreover, the court did not set a deadline for amending pleadings without showing good cause or indicate that the parties would be subject to Rule 16's standard after that deadline passes. Consequently, Rule 15 governs [plaintiff's] motion to amend." *Id.*

In contrast to the three cases cited by the Pension Fund above, the scheduling order in this case simply states that: "The parties may amend pleadings on or before February 17, 2023." (Docket # 18.) The Pension Fund argues that in the parties' joint Rule 26 report, they agreed as follows:

> Neither party anticipates needing to amend the pleadings. The parties propose for all amendments to the pleadings to be made by no later than February 17, 2023. Thereafter whether to grant leave to amend will be governed by Rule 15 of the Federal Rules of Civil Procedure unless allowing the amendment would require other adjustments to the scheduling order, so that Rule 16(b)(4) would apply. The parties do not anticipate needing to join any other parties to this litigation.

(Docket # 14 at 5, ¶ 4.) The Pension Fund asserts that the Court tacitly, if not explicitly, adopted this proposal as evidenced by the Court "not rais[ing] an eyebrow" when the Pension Fund filed its amended complaint on February 17, 2023 (i.e., the deadline set in the scheduling order) without first seeking the Court's leave. (Docket # 48 at 1.) While it may have been reasonable for the Pension Fund to assume that the February 17, 2023 deadline

was the deadline to amend pleadings without leave of court, it does not follow that the scheduling order's silence as to amendments filed *after* the deadline means the Court was dispensing with Rule 16.

The Pension Fund argues that "controlling precedent" provides that Rule 16(b)(4) only governs the amendment of pleadings if the amendment requires the Court to modify its scheduling order. The Pension Fund is reminded that decisions of sister district courts in this circuit are not "controlling" precedent. And the only controlling case the Pension Fund cites, the Seventh Circuit's decision in *Financial Fiduciaries*, does not stand for the sweeping principle the Pension Fund proposes. Rather, the controlling precedent of the Seventh Circuit provides that district courts are "entitled to apply" the heightened good cause standard of Rule 16(b)(4) when the deadline stated in the scheduling order for amendments has passed. *Alioto*, 651 F.3d at 719. While the *Anderson* court noted that it "did not set a deadline for amending pleadings without showing good cause or indicate that the parties would be subject to Rule 16's standard after that deadline passes," 2019 WL 3986345, at *4, there is no requirement that a separate "good cause amendment" deadline be set or that the parties be specifically warned that amendments after the date set in the scheduling order are subject to the Rule 16(b)(4) standard—that is the clear state of the law. However, if the scheduling order specifically does away with holding parties to the Rule 16(b)(4) standard, then, as the Seventh Circuit found in *Financial Fiduciaries*, the parties are entitled to rely on the plain language of the scheduling order. Thus, the Pension Fund has failed to show that a manifest error of law was made by applying Rule 16(b)(4) to its motion for leave to amend.

But even assuming, *arguendo*, the Pension Fund is correct that I should not have considered Rule 16(b)(4) in the first instance, in denying the motion, I also considered Rule

6

15(a)(2) and found that allowing the amendment at this juncture would be prejudicial to Schwabe. (Docket # 42 at 7–10.) In so doing, I considered the specific procedural posture of this case, including the parties' settlement agreement as to the books and records claim and the parties' request to stay this case for up to six months to allow the parties to reach a settlement on all remaining issues. (*Id.* at 1–5.) After the settlement agreement was signed, the parties agreed that the Pension Fund would file an amended complaint removing the books and records claim and keeping the delinquency claim. (Docket # 33.) The parties agreed that Schwabe need not respond to this amended complaint while the parties attempted to resolve the case. (Docket # 35.)

While I agreed that nothing in the plain terms of the settlement agreement barred the Pension Fund from pursuing new or additional claims against Schwabe (Docket # 42 at 6), it does not follow that the fact the parties were in the midst of settlement is irrelevant to the issue of prejudice. The parties had resolved the books and records claim and both parties agreed the Pension Fund would file an amended complaint removing this claim. Only after obtaining documents from the audit did the Pension Fund seek additional documents not covered by the audit, and informed Schwabe that it would seek leave to amend its complaint for the purpose of obtaining discovery regarding the subcontractors. (Docket # 42 at 8, citing Docket # 39 at 8, stating that Schwabe's "refusal to provide any information concerning its subcontracting of work has made it impossible for the Pension Fund to resolve the subcontracting claim without filing an amended complaint so that it can obtain discovery on the claim"). Again, the procedural posture of this case is relevant. The parties were taking six months to finalize resolution of their remaining issues. It was in the midst of this resolution time that the Pension Fund raised this new claim. While the Pension Fund argues that we are

7

still early in the case as the Court has neither set deadlines for discovery nor dispositive motions (Docket # 44 at 8), this argument is divorced from the case's context. These deadlines *were* set but stayed when the parties entered into settlement negotiations. (Docket # 26.) The only reason the deadlines have not been reset is because the parties asked for more time to finalize their settlement.

While the Pension Fund may disagree with my reasoning and determination in denying its motion to amend, that is not a basis for reconsideration of the order. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiffs' motion for reconsideration (Docket # 43) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to the parties' January 8, 2024 correspondence and February 20, 2024 joint motion, the discovery deadline is **May 31, 2024**. The deadline for filing dispositive motions is **June 28, 2024**. If no dispositive motions are filed, the Court will schedule a hearing to discuss scheduling this case for trial.

Dated at Milwaukee, Wisconsin this 27th day of February, 2024.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge

8